UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ANNA M. H.[1],

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, *et al.*,

        Defendant.

Civil Action 1:22-cv-674
Judge Timothy S. Black
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Anna M.H., brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Social Security Period of Disability Benefits, Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI"). This matter is before the undersigned for a Report and Recommendation ("R&R") on Plaintiff's Statement of Errors (ECF No. 9), the Commissioner's Memorandum in Opposition (ECF No. 10), Plaintiff's Reply to Defendant's Memorandum in Opposition (ECF No. 11), and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner's determination.

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

I.       BACKGROUND

Plaintiff protectively filed applications for Title II Period of Disability and Disability Insurance benefits and Title XVI Supplemental Security Income Benefits on March 19, 2020, alleging that she became disabled beginning February 24, 2020. (R. at 195–222.) On August 19, 2021, following administrative denials of Plaintiff's application initially and on reconsideration, a telephone hearing was held before Administrative Law Judge Peter J. Boylan (the "ALJ"). (R. at 35–65.) Plaintiff, represented by counsel, appeared and testified. (*Id.*) A vocational expert, Marquita A. Miller, MS, CRC (the "VE"), also appeared and testified at the hearing. (*Id.*) The ALJ issued an unfavorable determination on August 26, 2021. (R. at 17–34.) The Appeals Council declined to review that unfavorable determination, and thus, it became final. (R. at 5–11.)

Plaintiff seeks judicial review of the ALJ's unfavorable determination. In her Statement of Errors (ECF No. 9), Plaintiff asserts two contentions of error: (1) the ALJ committed reversible error by applying Social Security Ruling 96-9p; and (2) the ALJ committed reversible error by finding persuasive, the findings of the state agency reviewers. The undersigned concludes that Plaintiff's claim lacks merit.

II.       THE ALJ's DECISION

The ALJ issued his decision on August 26, 2021, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 20–30.) The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2025. (R. at

22.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 24, 2020, the alleged onset date. (R. at 22.) At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative joint disease, degenerative disc disease, arthropathy, and obesity. (R. at 23.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 23.)

The ALJ then set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

After careful consideration of the entire record, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the [Plaintiff] can occasionally climb

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?

5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

[3] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

> ramps and stairs; never climb ladders, ropes or scaffolds; occasionally stoop, kneel and crawl and frequently and crouch.

(R. at 24.) In formulating the RFC, the ALJ summarized Plaintiff's symptoms and other subjective complaints as follows:

> [Plaintiff] testified and elsewhere alleged disability as the result of physical impairments. (4E; 11E). [Plaintiff] indicated that she had trouble standing, walking and sitting for long period[s], as the result of pain in her back and lower left extremity. Although [Plaintiff] testified that she needed a cane to ambulate, [Plaintiff's] representative confirmed there was no prescription for a cane. In addition, [Plaintiff] testified that she had been on unemployment for the past two years.

(R. 25.) The ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> As for [Plaintiff's] statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because they are not supported by the objective evidence of record.

(*Id.*)

At step four, the ALJ found that Plaintiff was able to perform her past relevant work as an appointment clerk and as a security guard. (R. at 28.) At step five, the ALJ relied on testimony from a Vocational Expert ("VE") to determine that Plaintiff could perform past relevant work as actually or generally performed and is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (R. at 28–29.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act since February 24, 2020, the alleged onset date. (R. at 29.) On September 20, 2022, the Appeals Council denied Plaintiff's request for review, making the Commissioner's decision final. (R. at 5–11.)

4

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y Of Health And Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

IV.     ANALYSIS

A. **The ALJ did not commit reversible error when evaluating the state agency reviewers' walking and standing limitations.**

Plaintiff alleges that the ALJ erred when assessing findings from the state agency reviewers. Specifically, Plaintiff argues the ALJ erroneously determined that their findings were persuasive, including a finding that she could walk and stand consistent with a limited range of light work. Plaintiff's contentions lack merit.

An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations[4] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5).

With regard to two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Instead, an ALJ must use the following factors when considering medical opinions: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program s policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

---

[4] Because Plaintiff's applications were filed in 2020, they are subject to regulations that govern applications filed after March 27, 2017.

6

Although there are five factors, supportability and consistency are the most important, and the ALJ must explain how they were considered. *Id.* And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id.* Instead, when an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

Here, the ALJ summarized and evaluated the state agency reviewers' findings as follows:

> With regard to the opinion evidence, the undersigned finds the opinion evidence from the state agency physical consultants persuasive (2A; 4A; 6A; 8A). These doctors opined that [Plaintiff] could perform a reduced range of light work. After review of the entire medical file, the undersigned finds the physical residual functional capacity set out in this decision is well-supported by the objective evidence of record and adequately accommodates any functional limitations the claimant might experience, as the result of her physical impairments.

(R. 27.) The ALJ then evaluated the persuasiveness of those findings. (*Id.*) The ALJ explained as follows:

> While these opinions were generally consistent with the evidence available at the time and with [Plaintiff's] routine treatment, the doctors did not have the complete file. The opinions were based on information contained in the record at the time of the state agency reconsideration determination in this case. It is noted that there are new records since the state agency reconsideration. Review of evidence in developing [Plaintiff's] case for review at the administrative hearing level confirms the opinion of the state agency examiners is consistent[.]

(*Id.*) Accordingly, the ALJ incorporated into Plaintiff's RFC, all of the state agency reviewers' findings. (*Id.*)

Plaintiff does not assert that the ALJ failed to accurately articulate the supportability and consistency factors. Nor could she. As these excerpts demonstrate, the ALJ expressly acknowledged both factors when incorporating the state agency reviewers' findings into Plaintiff's RFC. Indeed, the ALJ wrote that the state agency reviewers' findings were consistent

with the record available to the state agency reviewers and that the RFC, which was identical to the state agency reviewers' findings, was supported by the record. (R. 27.)

To be sure, the ALJ did not explicitly discuss the state agency reviewers' walking and standing limits in this section. Nevertheless, the Court is required to read the determination as a whole. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (noting that an ALJ's determination should be read as a whole). And elsewhere, the ALJ discussed Plaintiff's standing and walking abilities at length.

The ALJ noted generally normal and unremarkable physical examination findings and found Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms inconsistent with the objective evidence. (R. 25–27.) The record substantially supports that observation. The record reflects that Plaintiff was regularly found to have a normal gait (R. 25–27, 512, 564.) Likewise, Plaintiff regularly displayed normal range of motion (R. 25–27, 508, 511–12), full strength in lower extremities (R. 25–27, 508, 612), and no crepitus, joint effusions, or joint deformities (R. 25–27, 511). The ALJ also noted that Plaintiff only intermittently went to physical therapy, though records consistently indicated that it was beneficial in resolving Plaintiff's pain symptoms. (R. 25, 27, 508 ("Feels like [] she is much improved. She has been doing aquatic therapy, and that has certainly helped. She has been exercising. Walking. Left knee pain–getting better. Also upper and lower back").) Moreover, there was evidence indicating that Plaintiff's pain symptoms were intermittent (R. 25–27, 508 ("Pain level today: 3")) and that she did not have difficulty with activities of daily living. (R. 27, 508.)

Plaintiff does not challenge these record findings. Instead, Plaintiff argues that the ALJ failed to reconcile inconsistencies in the state agency reviewers' findings. (Pl.'s Statement of Errors 8, ECF No. 9.) Specifically, Plaintiff alleges that the state agency reviewers wrote that her

8

"symptoms" were consistent with the medical evidence of record. (*Id.*) And in fact, the state agency reviewers did make such a finding. (R. 27, 199.) Plaintiff, however, appears to equate the existence of objective evidence of her symptoms to an endorsement of their effect on Plaintiff's ability to work. But symptoms and limitations are not equivalent. The state agency reviewers considered Plaintiff's symptoms, and determined she was able to walk six to eight hours a day. (R. 199, 220.) Plaintiff points to no evidence undermining that limitation finding. Moreover, the record reflects that the ALJ adopted the walking and standing limitations opined by the state agency reviewers even though the consultative examiner found Plaintiff did not have such limitations. (R.27.) In sum, the ALJ properly evaluated the evidence of record related to Plaintiff's walking and standing limitations, which was supported by substantial evidence.

Finally, although it is true that the ALJ's decision must be supported by substantial evidence, it is Plaintiff who "bears the burden of proving the existence and severity of limitations caused by [her] impairments" through step four of the sequential evaluation process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *cf. Cejka v. Comm'r of Soc. Sec.,* No. 12-11102, 2013 WL 1317213, at *15 (E.D. Mich. Feb. 27, 2013), *report and recommendation adopted*, No. 12-11102-DT, 2013 WL 1294133 (E.D. Mich. Mar. 29, 2013) ("Plaintiff acknowledges that no treating physician imposed any limitations on plaintiff as a result of her carpal tunnel syndrome, and does not point to any limitations imposed by any consulting or examining physician.").

For these reasons, Plaintiff's first contention of error lacks merit.

**B.      The ALJ did not commit reversible error by citing SSR 96-9p.**

Plaintiff next contends that the ALJ erred by referencing SSR 96-9p when determining that a cane was not medically necessary. (Pl.'s Statement of Errors 5, ECF No. 9.) The

9

Commissioner counters that any such error was harmless. (Def.'s Mem. in Opp. 7, ECF No. 10.)

The undersigned agrees.

Here, the ALJ discussed Plaintiff's purported need for a cane at length when assessing Plaintiff's RFC:

> Although [Plaintiff] testified that she needed a cane to ambulate, [Plaintiff]'s representative confirmed there was no prescription for a cane. . . .
>
> X-rays of [Plaintiff's] bilateral hip on 8/24/19 showed no acute findings.
>
> Noor Hassan, M.D. conducted a consultative physical exam with [Plaintiff] on 9/16/20. [Plaintiff] reported chronic lower back pain and pain in her knees. . . . On exam, [Plaintiff] moved all extremities normally and had normal sensation. She had mild arthritic-type swelling over each knee, but no tenderness and moved both knees normally. She displayed normal range of motion in the cervical and lumbar spine. Straight leg raising was normal on both sides. Her gait, coordination, and reflexes were normal. Dr. Hassan stated that [Plaintiff's] ability to perform work-related activities such as bending, stooping, lifting, walking, carrying, traveling, as well as pushing and pulling objects appeared physically not impaired. . . .
>
> On 11/30/20, physical medicine and rehabilitation specialist, Angela Stillwagon, D.O. noted [Plaintiff's] complaints of low back pain and left-sided pain[.] It was a phone appointment so there was no physical exam. Dr. Stillwagon ordered MRI's and said that [Plaintiff] "may need a cane to help with stability."

(R. 25–26.) The ALJ then concluded that Plaintiff failed to establish that she required a cane:

> In this case, the record does not document significant use of a cane or medical necessity. While [Plaintiff] testified to using a cane, no opinion in the file supports that one is medically necessary, and thus the need for a cane does not meet requirements of SSR 96-9p.

(R. 27.) As these excerpts demonstrate, the ALJ cited SSR 96-9p when determining that a cane was not medically necessary. Plaintiff correctly notes, however, that SSR 96-9p only applies when a claimant has a limited range of sedentary work, not a limited range of light work, as is the case here. This error was harmless.

"It is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004). Generally,

however, federal courts review decisions of administrative agencies for harmless error. *Rabbers*, 582 F.3d at 654–55. Accordingly, "an agency's violation of its procedural rules will not result in reversible error absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses." *Connor v. United States Civil Serv. Comm'n,* 721 F.2d 1054, 1056 (6th Cir. 1983).

Here, Plaintiff cannot make that showing. Plaintiff's bears the burden of proving that a cane is a necessary device. *See Carreon v. Massanari,* 51 F. App'x 571, 575 (6th Cir. 2002) (explaining standard to determine whether a cane was a necessary device (*i.e.*, medically necessary); *Michael T. v. Comm'r of Soc. Sec.*, No. 2:22-CV-2148, 2023 WL 2140984, at *5 (S.D. Ohio Feb. 21, 2023). She has not done so. In fact, Plaintiff points to no record evidence substantiating that a cane was a necessary device.

Moreover, as the Commissioner accurately asserts, the ALJ discussed whether a cane was medically necessary and found that it was not. Substantial evidence supports that determination. The ALJ accurately detailed the evidence of Plaintiff's ability to ambulate without an assistive device. (R. 25–27.) He noted Plaintiff's regularly documented normal gait (R. 25, 556, 564), normal coordination (R. 26, 564), lack of crepitus (R. 26), normal range of motion (R. 26, 562), 5/5 strength in all extremities (R. 26, 562–64), and normal sensory function (R. 26). The record substantially supports these findings. In addition, and as the ALJ correctly explained, findings from Plaintiff's consultative examination indicated that she ambulated normally without an assistive device. (R. 556.) As the ALJ accurately noted, no provider opined that Plaintiff required a cane to ambulate, nor was Plaintiff prescribed a cane. (R. 25, 27.) And likewise, no reviewer found that Plaintiff's limitations included the use of a cane. (*Id.*)

11

The record contains only two pieces of contradictory evidence. First, Plaintiff testified that she needed a cane, but the ALJ discounted that testimony as inconsistent with the remainder of the record.[5] Second, the record contains a note from Dr. Stillwagon, indicating Plaintiff *might* need a cane based on Plaintiff's self-report. (R. 26.) Nevertheless, and as the Commissioner accurately explains, Dr. Stillwagon's notation of Plaintiff's subjective complaint is not credible objective medical evidence. *See Mitchell v. Comm'r of Soc. Sec.*, 330 F. App'x 563, 569 (6th Cir. 2009) ("A doctor's report that merely repeats the patient's assertions is not credible, objective medical evidence[.]"); *cf. Gary B. v. Comm'r of Soc. Sec.,* No. 3:20-CV-179, 2022 WL 2103069, at *5 (S.D. Ohio June 10, 2022) (finding that an ALJ has no obligation to determine whether a cane is medically necessary when the record does not contain "consistent reference" to the use of a cane).

In sum, Plaintiff cannot show harm. The record does not demonstrate that a cane was a necessary device. Therefore, the ALJ's citation to SSR 96-9p does not warrant reversal such that Plaintiff's second contention of error likewise lacks merit.

## V. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this R&R, that party may, within fourteen (14) days of the date of this R&R, file and serve on all parties written objections to those specific proposed findings or

---

[5] Plaintiff does not challenge the ALJ's subjective symptom analysis.

recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the R&R or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE