UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANNA M.H., | : | Case No. 1:22-cv-674 |
|    Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
|    Defendant. | : | |

## DECISION AND ENTRY
### ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 12).

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Chelsey M. Vascura. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on August 21, 2023, submitted a Report and Recommendations, recommending that the non-disability finding by the Administrative Law Judge ("ALJ") be affirmed. (Doc. 12). Plaintiff filed objections (Doc. 13), and Defendant responded. (Doc. 14).

Having conducted a *de novo* review, the Court finds that Plaintiff's objections are not well-taken.[1]

---

[1] Plaintiff's objections to the R&R largely reassert the errors previously identified with regard to the ALJ's decision. "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Regardless, this Court will conduct a *de novo* review and give full consideration to the objections raised.

The Magistrate Judge first concluded that the ALJ did not commit reversible error when evaluating the state agency reviewer's walking and standing limitations. (Doc. 12 at 6). Plaintiff objects to this conclusion, arguing that "[i]t makes no sense for the state agency reviewers to find that Hughes credibly had problems walking and standing for long periods of time and then turn around and find her capable for sustaining full-time light exertion work." (Doc. 13 at 4 (citation omitted)). But the Magistrate Judge already considered this argument and the evidence cited by Plaintiff, noting that Plaintiff "appear[ed] to equate the existence of objective evidence of her symptoms [*i.e.*, difficulty walking and standing] to an endorsement of their effect on Plaintiff's ability to work." (Doc. 12 at 9). Thus, Plaintiff's objection is essentially a disagreement with the correctness of the R&R. And, having reviewed all the filings, the Court agrees with the Magistrate Judge's detailed analysis. Plaintiff's first objection is overruled.

The Magistrate Judge also concluded that the ALJ did not commit reversible error by citing to SSR 96-9p. (Doc. 12 at 9). Plaintiff objects to this conclusion, arguing that the Magistrate Judge engaged in impermissible "post hoc rationalization" of the ALJ's decision. (Doc. 13 at 2). But that is not what the Magistrate Judge did. The Magistrate Judge recognized that the ALJ erred when citing to SSR 96-9p. (Doc. 12 at 11). The Magistrate Judge then went on to analyze whether the ALJ's error was harmless and concluded that the error was harmless. (*Id.* at 11-12). And Plaintiff makes no effort to explain why the Magistrate Judge's harmless error analysis and conclusion were incorrect. Accordingly, having reviewed all the filings in the matter, the Court agrees with Magistrate Judge's reasoned analysis, and Plaintiff's second objection is overruled.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report and Recommendation should be and is hereby adopted in its entirety.

Accordingly,

1. The Report and Recommendations (Doc. 12) is **ADOPTED** in its entirety.

2. Plaintiff's objections (Doc. 13) are **OVERRULED**.

3. Plaintiff's Statement of Errors (Doc. 9) is **OVERRULED**.

4. The Commissioner's decision is **AFFIRMED**.

5. The Clerk shall enter judgment in favor of the Commissioner and terminate this action upon the docket of this Court.

**IT IS SO ORDERED.**

Date: January 3, 2024  *s/ Timothy S. Black*
Timothy S. Black
United States District Judge